U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 2 7 2018

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PAULETTE JENKINS, AS THE          §
PERSONAL REPRESENTATIVE OF THE    §
ESTATE OF BEAUFORD JENKINS,       §
DECEASED,                         §
                                  §
            Plaintiff,            §
                                  §
VS.                               §    NO. 4:18-CV-178-A
                                  §
BNSF RAILWAY COMPANY,             §
                                  §
            Defendant.            §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion for summary
judgment filed October 25, 2018, by defendant, BNSF Railway
Company. After having considered such motion and its supporting
brief and appendix, the brief in opposition thereto of plaintiff,
Paulette Jenkins, as the Personal Representative of the Estate of
Beauford Jenkins, Deceased, and its supporting appendix,
defendant's objections to plaintiff's summary judgment evidence
and reply brief in support of its motion for summary judgment,
the entire record of this action, and pertinent legal
authorities, the court has concluded that such motion should be
granted.

I.

## History of the Litigation

A. <u>The Original Complaint</u>

This action was instituted by the filing by plaintiff of her complaint on March 5, 2018. Plaintiff alleged in a conclusory way causes of action under the Federal Employers' Liability Act, 45 U.S.C. § 51, <u>et seq.</u> ("FELA"), and the Locomotive Inspection Act, 49 U.S.C. § 20701 ("LIA").

She alleged that:

She is the widow of Beauford Jenkins ("Mr. Jenkins"). Doc.[1] 1 at 1, ¶ 2. Mr. Jenkins "was employed by the Defendant railroad as a carman/fireman/engineer/train master and was acting in the course and scope of his employment with Defendant." <u>Id.</u> at 2, ¶ 4. "During the course and scope of his career with Defendant railroad and while working in the Defendant's yards, buildings, locomotives and along its right of ways, [Mr. Jenkins] was exposed to various toxic substances and carcinogens including but not limited to diesel fuel/exhaust, benzene, herbicides, creosote and rock/mineral/asbestos dust and fibers." <u>Id.</u>, ¶ 6. Mr. Jenkins's exposure to those "toxic substances and known carcinogens, whether by touch, inhalation or consumption, in

_____

[1]The "Doc. ___" references are to the numbers assigned to the referenced items on the docket in this Case No. 4:18-CV-178-A.

whole or in part, caused or contributed to his development of bladder cancer." <u>Id.</u>, ¶ 7. Mr. Jenkins's "cancer and related diseases are the result of the negligence of the Defendant railroad in that it utilized known cancer causing materials in its operations, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health." <u>Id.</u>, ¶ 9. "Defendant failed to provide [Mr. Jenkins] with locomotives that had proper and adequate ventilation and/or air filtration systems, the failure of which allowed diesel fumes, dust, fibers and toxins to accumulate and, subsequently, be inhaled by [Mr. Jenkins]." <u>Id.</u> at 4, ¶ 12. In addition, defendant "failed to: install proper engine exhaust filters; utilize low emissions fuel such as bio diesel and[] mandate cleaner burning engines from the locomotive manufacturers." <u>Id.</u>, ¶ 13. The "occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees." <u>Id.</u>, ¶ 14. "As a direct result of the negligence of the Defendant railroad, [Mr. Jenkins] experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment . . .

[and] died on March 7, 2015 as a result of complications from bladder cancer." Id., both ¶¶ 15.

Plaintiff alleged that she seeks all damages recoverable under the FELA, id., ¶ 16; and she demanded judgment in excess of $150,000, id., prayer.

B.  Defendant's Motions for More Definite Statement and *Lone Pine* Order

Plaintiff caused a copy of her complaint to be served on defendant on May 25, 2018. Doc. 23. On June 22, 2018, defendant filed a motion (amending an earlier one) for more definite statement and a motion for Lone Pine order[2], alleging, inter alia, that:

> This action is one of approximately thirty Federal
> Employers Liability Act ("FELA") cases filed against
> BNSF by the same plaintiffs' counsel in various federal
> courts around the country. The firm's boilerplate
> complaints repeat the same vague, broad allegations of
> exposure to multiple substances to employees with
> different jobs and workplaces. Because of these broad,
> vague "railroad work causes cancer" allegations, BNSF
> is unable to understand the true theory of this
> Plaintiff's case and reasonably prepare a response.
> Plaintiff's allegations fail to provide sufficient
> notice of the particular claims asserted against BNSF
> in this action. Therefore, the Court should require
> Plaintiff to amend the Complaint to address these
> deficiencies and thereby provide a more definite

---

[2]Lone Pine orders are named for Lore v. Lone Pine Corp., No. L-33606-85, 1986 WL 637507 (N.J. Super. Ct. 1986). See Acuna v. Brown & Root, Inc., 200 F.3d 335, 340 (5th Cir. 2000). They are "designed to handle the complex issues and potential burdens on defendants and the court in mass tort litigation," which in federal court "are issued under the wide discretion afforded district judges over the management of discovery under Fed. R. Civ. P. 16." Id.

statement of his [sic] claims and allegations pursuant
to Fed. R. Civ. P. 12(e) . . . .

Doc. 25 at 4.

C. <u>Plaintiff's First Amended Complaint</u>

Instead of responding to the amended motions, plaintiff
filed on July 12, 2018, an amended complaint.[3] She did not
eliminate the generalities about which defendant complained in
its motions. Rather, she added to the generalities, thus making
even more difficult for defendant to initiate pointed discovery
or otherwise prepare for a defense of plaintiff's claims. Doc.
27.

D. <u>Order Granting One of the Motions and Withholding a Ruling
on the Other</u>

The court treated defendant's motion for more definite
statement as being directed to the amended complaint, and the
court granted the motion by an order issued July 16, 2018,
requiring that by July 30, 2018, plaintiff file a second amended
complaint in which she was to provide the specificity sought by

---

[3]On July 19, 2018, plaintiff filed a motion for leave to file a response in opposition to
defendant's motion for "more definitive statement." Doc. 34. The court granted that motion by an order
issued July 19, 2018, doc. 35, but in the same order the court directed that the July 16 order requiring
plaintiff to file a second amended complaint remained in effect, <u>id.</u> at 2.

defendant.[4]  Doc. 33 at 8.  In the same July 16 order, the court withheld ruling on defendant's request for a Lone Pine-type order, but gave defendant an opportunity to pursue that matter further after receiving plaintiff's second amended complaint. Id. at 9-10.

E.  Plaintiff's Second Amended Complaint

Plaintiff filed her second amended complaint on July 30, 2018.  Doc. 41.  She persisted in her general, conclusory allegations, with slight alterations.  She repeated that she sought "all damages recoverable under the FELA," and demanded judgment in excess of $150,000.  Id. at 5-6, ¶ 22 and Prayer.

F.  Defendant's Answer to Second Amended Complaint

On August 24, 2018, the court ordered that by August 31, 2018, defendant answer the second amended complaint.  Doc. 48. Defendant complied by filing an answer that, for the most part, denied the allegations of the second amended complaint, and stated as to certain of the allegations that defendant was without information sufficient to admit or deny.  Doc. 51.

_____

[4]In its motion, defendant explained that:

A more definite statement is needed to show that Plaintiff is entitled to relief, which necessarily requires the specific substances at issue and the extent and duration of exposure as to each, the specific type of exposure, the specific level of exposure, the specific times of exposure, and the specific locations of exposure that allegedly injured the decedent as a result of BNSF's negligence.

Doc. 25 at 7.

G.   Defendant's Renewed Motion for *Lone Pine* Order

On September 13, 2018, defendant filed a renewed motion seeking a Lone Pine order, alleging that plaintiff's second amended complaint had failed to provide enough specificity to enable defendant to make a meaningful response to plaintiff's allegations and to engage in properly focused discovery.  Doc. 52 at 1.

H.   Plaintiff's Response to the Renewed Motion for *Lone Pine* Order

On September 18, 2018, plaintiff filed a response to the renewed motion for Lone Pine order.  Doc. 53.  She did not provide a substantive response, but simply incorporated an earlier response, and informed the court that several district courts had previously denied similar motions in other cases.

I.   Order Authorizing Defendant to File a No-Evidence Motion for Summary Judgment

On September 25, 2018, the court issued an order by which the court expressed disappointment in the lack of specificity in plaintiff's second amended complaint, and sympathy with defendant's positions that "plaintiff should be required to make at least a minimal showing that there is some scientific basis for her claims, and that defendant should not be required to engage in lengthy, costly discovery in order to find out the exact nature of plaintiff's claims against it."  Doc. 54 at 2-3.

However, rather than to issue a _Lone Pine_ order, the court authorized defendant to file a no-evidence motion for summary judgment, "thus putting plaintiff to the burden of producing summary judgment evidence raising genuine issues of fact as to each element of her claim against defendant." _Id._ at 3. The court expressed its expectations as to the result that would follow from the filing by defendant of such a motion, by explaining:

> [T]he court thinks appropriate at this time for defendant to file expeditiously a no-evidence motion for summary judgment that will flush out whatever information defendant might need to proceed with discovery if the motion is denied or bring this case to an end if plaintiff lacks evidence to raise issues of fact as to the essential elements of her claim.

_Id._ at 4. Defendant was given a deadline until October 25, 2018, for the filing of such a motion. _Id._ at 5.

The court denied defendant's renewed motion for _Lone Pine_ order "on the assumption that if plaintiff has additional information of the kind defendant is seeking by that renewed motion, such additional information will be made known to defendant by plaintiff's response to such a no-evidence motion for summary judgment." _Id._ at 5-6.

The Motion for Summary Judgment, Response, and Reply

A.    The Motion and Supporting Brief and Appendix

On October 25, 2018, defendant filed its motion for summary
judgment, asserting that it "is entitled to judgment as a matter
of law as there is no evidence establishing a genuine dispute of
material fact on the required elements of negligence and
causation regarding the claims of Plaintiff."  Doc. 55 at 1.  The
motion was supported by a brief in which defendant more
specifically stated the grounds of its motion, by alleging that
"Plaintiff Cannot Show That BNSF Breached Its Duty to Mr.
Jenkins," doc. 56 at 3; "Plaintiff Cannot Show That Mr. Jenkins'
Bladder Cancer Was Foreseeable to BNSF," id.; and that "Plaintiff
Has Failed to Make a Showing That BNSF's Negligence, If Any,
Caused Mr. Jenkins' Bladder Cancer," id. at 4.

As to plaintiff's LIA claim, defendant maintained in its
brief that plaintiff "has demonstrated no facts . . . that BNSF
in fact failed to provide Mr. Jenkins with proper locomotives or
that such alleged failure caused his bladder cancer."  Id. at 3.

Defendant makes known in its brief that it had sought
specificity relative to plaintiff's claims by service of a set of
written interrogatories and a request for production of documents
on September 21, 2018, with a deadline for answer and response of

October 22, 2018, but that as of October 25, 2018, plaintiff had failed to answer or respond to either of them. Doc. 56 at 1-2. Defendant added that plaintiff's initial disclosure document failed to provide defendant the needed information. Id.

Accompanying the motion was an appendix that contained the following material: (1) a copy of the second amended complaint, doc. 57 at App. 2-7; (2) a copy of the unanswered first set of written interrogatories directed by defendant to plaintiff, id. at App. 8-17; (3) a copy of the first requests for production of documents directed by defendant to plaintiff, to which response had not been made, id. at App. 18-31; (4) a copy of the Initial Disclosures that plaintiff had served on defendant in early October 2018, id. at App. 32-35; and (5) a copy of this court's September 25, 2018 order, id. at App. 36-41.

B.    Plaintiff's Response and Supporting Brief and Appendix

On November 15, 2018, plaintiff filed her response in opposition to defendant's motion for summary judgment, urging the court to deny the motion in its entirety. Doc. 58. She did not provide any summary judgment evidence in support of her pleaded conclusory claims against defendant. Rather, her brief consisted primarily of citations of authorities and arguments that discuss in a general way the proof requirements and standards of conduct

established by the FELA and court decisions, with emphasis on the importance of jury determinations in FELA cases. Doc. 59.

In the concluding pages of plaintiff's brief, she expressed her contention that "when all of the evidence included in the record is viewed in a light most favorable to Plaintiff, there is more than sufficient evidence creating a fact issue of the jury." Id. at 16. She then provided a review of items included in her appendix that she contended raised issues of fact that defeat defendant's motion. Id. at 18-20.

Plaintiff made no response to the ground of defendant's motion directed to the absence of evidence supporting the elements of plaintiff's LIA claim.

The appendix filed by plaintiff contained the following material: (1) a copy of a May 31, 2017 article by Michael J. Ellenbecker, Sc.D., Certified Industrial Hygienist, titled "Occupational Exposure of Railroad Workers," doc. 60 at 1-12; (2) a copy of a publication pertaining to a presentation made at a May 1955 meeting of the General Claims Division, Association of American Railroads, id. at 13-18; (3)-(6) excerpts from depositions taken in Case No. 17-cv-03572, styled "Collins v. BNSF Railway Co.," pending in the U.S. District Court for the Southern District of Texas, id. at 19-31; (7) a copy of Press Release No. 213 of International Agency for Research on Cancer

dated June 12, 2012, titled "IARC: Diesel Engine Exhaust Carcinogenic," id. at 32-35; (8) a copy of a publication titled "Diesel Exhaust and Cancer," id. at 36-41; and (9) a copy of an article titled "A Meta-Analysis of Bladder Cancer and Diesel Exhaust Exposure," id. at 42-47.

C.    Defendant's Objections to Plaintiff's Summary Judgment Evidence and Reply Brief in Support of Motion

On November 16, 2018, defendant filed a document by which it made objections to plaintiff's summary judgment evidence and replied to plaintiff's response to defendant's motion.  Doc. 61.

The objections are directed to items (exhibits) 1, 2, 7, 8, and 9 in the appendix supporting plaintiff's response. Essentially, the objections are that those items are not authenticated in such a way that they can be considered as summary judgment evidence.[5]

As to the merits of defendant's motion, defendant sums up its reply as follows:

> Exhibiting generic articles, an old opinion, and deposition testimony from other cases, Plaintiff ignores the arguments in BNSF's Brief.  Plaintiff does not attempt to address her failure to respond to any

---

[5]The court is inclined to think that defendant's objections to what plaintiff presents as summary judgment evidence have merit. None of those items (Exhibits 1, 2, 7, 8, and 9 in plaintiff's appendix) are anything other than generally worded opinions or studies that have not been shown to have any relevance to the claims being made by plaintiff in this particular case. Moreover, as defendant maintains, none of them is properly authenticated. However, the court is not making specific rulings on defendant's objections inasmuch as they all become moot in light of the rulings the court is making in this memorandum opinion and order.

pending written discovery requests or to provide
reasonably sufficient Disclosures. She provides no
medical records or expert support for her causation
argument, and her negligence "expert report" is a
generic discussion of industry knowledge, drafted not
for this case and long before this Complaint was filed,
that makes no mention of Plaintiff's decedent, BNSF, or
the negligence claims in this case.

<u>Id.</u> at 3.

By way of more pointed response to plaintiff's arguments

that juries should be permitted to decide FELA cases, defendant

called attention to court decisions that involved rulings in

favor of defendants in FELA cases based on lack of evidence of

negligence or because of the plaintiff's failure to produce

probative evidence of causation. Id. at 4-6.

III.

<u>Analysis</u>

A. <u>Rules and Court Decisions Pertinent to Plaintiff's
Obligation to Provide Probative Summary Judgment Evidence in
Response to Defendant's Motion</u>

The September 25, 2018 order authorizing defendant to file a

no-evidence motion for summary judgment had as one of its goals

obtaining a definition or definitions of the issues to be

resolved in this action to the end of facilitating discovery and

early disposition of unfounded claims--those embraced in

plaintiff's conclusory pleading in support of which plaintiff

would be unable to adduce any evidence. Rule 11 of the Federal

Rules of Civil Procedure contemplates that a plaintiff must have evidentiary support for her pleaded allegations. That Rule, combined with the pretrial requirements of Rule 16 of the Federal Rules of Civil Procedure, provides part of the rationale for entry of the court's September 25, 2018 order.

Moreover, the court has broad authority under Rule 56(f) of the Federal Rules of Civil Procedure to initiate a summary judgment motion of its own. Rule 56(f) gives the court authority, after giving notice and reasonable time to respond, to grant summary judgment for a nonmovant and to consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute. From those provisions, the court infers that Rule 56, perhaps combined with Rules 11 and 16, provides the court authority to do what the court did here by the September 25 order. As that order noted, the purpose of the motion for summary judgment the court authorized defendant to file was to "flush out whatever information defendant might need to proceed with discovery if the motion is denied or bring this case to an end if plaintiff lacks evidence to raise issues of fact as to the essential elements of her claim." Doc. 54 at 4.

Before the September 25 order was issued, defendant had done what it reasonably could do to gain a ruling of the court that

would cause plaintiff to take steps to inform defendant of the factual bases of the broad claims contained in plaintiff's conclusory pleadings. And, the court had ruled in response to defendant's motion for more definite statement that plaintiff should provide enough specificity in an amended pleading to enable defendant to proceed with focused discovery and to have an understanding of the precise nature of the claims being made against it by plaintiff. The responses of plaintiff to the court's rulings made apparent that further action by the court would be required to cause plaintiff to provide defendant knowledge of the required factual bases of plaintiff's claims.

In Celotex Corp. v. Catrett, the Supreme Court provided express approval of a no-evidence motion for summary judgment. 477 U.S. 317, 323, 325 (1986). The Court explained that the movant can discharge its initial summary judgment burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claims, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. The Court went on to explain that once the movant has carried its initial burden under Rule 56(a), the nonmovant must identify evidence in the record that creates a

genuine dispute as to each of the challenged elements of its

case.  Id. at 324.

Since Celotex Corp., Rule 56(c) has been amended, but the

Fifth Circuit has made clear that the no-evidence motion for

summary judgment procedure remains acceptable, particularly in a

case such as this.  See Austin v. Kroger Tex., L.P., 864 F.3d

326, 334-35 (5th Cir. 2017).  In Austin, the Fifth Circuit

explained the current status of federal law as applicable to a

no-evidence motion for summary judgment, saying:

> Austin argues that federal law does not allow for "no
> evidence" summary judgment motions, but instead
> requires Kroger to point to evidence in the record
> showing no issue of material fact on causation.  Under
> federal law, however, it has long been the rule that
> when the nonmovant has the burden of proof at trial,
> the moving party may make a proper summary judgment
> motion, thereby shifting the summary judgment burden to
> the nonmovant, with an allegation that the nonmovant
> has failed to establish an element essential to that
> party's case.  When a moving party alleges that there
> is an absence of evidence necessary to prove a specific
> element of a case, the nonmoving party bears the burden
> of presenting evidence that provides a genuine issue
> for trial.

Id. at 335 (citations, internal quotation marks, and parentheses

omitted).

The Fifth Circuit went on to explain that a movant meets its

summary judgment burden when it has alleged that there is no

evidence of an essential element of the plaintiff's claim, and

that such an allegation requires the nonmovant "to present

[evidence of that element] in order to survive summary judgment."
Id.

Even if more were required, there is much more in this case. Defendant has unsuccessfully sought by pretrial motions to force plaintiff to give defendant the information it needs to proceed with its discovery and other trial preparation. In response, plaintiff has simply thumbed her nose at defendant and the court. Defendant has gone further by serving pointed discovery requests on plaintiff in an attempt to obtain the specificity essential to defense of plaintiff's broadly, conclusory worded allegations against defendant. Doc. 52 at App. 8-31. The summary judgment record indicates that plaintiff has simply ignored those discovery requests.

For the stated reasons, defendant's no-evidence motion was appropriate, and it put on plaintiff, to avoid summary judgment, the burden to present responsive summary judgment evidence raising issues of fact as to all essential elements of plaintiff's claims against defendant.

B.   The Essential Elements of Plaintiff's Claims

Plaintiff's original and amended complaints and response to defendant's motion for summary judgment are an attempt by plaintiff to state a statutory cause of action under FELA. The

pertinent statutory language defines such a cause of action as
follows:

> Every common carrier by railroad . . . shall be liable
> in damages to any person suffering injury while he is
> employed by such carrier . . . for such injury or death
> resulting in whole or in part from the negligence of
> any of the officers, agents, or employees of such
> carrier. . . .

45 U.S.C. § 51; <u>Norfolk S. Ry. Co. v. Sorrell</u>, 549 U.S. 158, 165
(2007).

Plaintiff's response to defendant's motion for summary
judgment borders on an argument that the FELA imposes strict
liability on employers if, notwithstanding the absence of
evidence, a jury chooses to make an award to a plaintiff in a
FELA case. As the First Circuit made clear in <u>Robert v.
Consolidated Rail Corp.</u>, 832 F.2d 3 (1st Cir. 1987), that is not
so:

> FELA does not impose strict liability on employers.
> Plaintiffs are still required to prove the traditional
> common law elements of negligence: duty, breach,
> foreseeability, and causation.

<u>Id.</u> at 6.

Thus, essential elements of plaintiff's FELA claim that
require summary judgment evidence are that (1) Mr. Jenkins
suffered an injury while employed by defendant; (2) such injury
or death resulted in whole or in part from; (3) the negligence of
any of the officers, agents, or employees of defendant. The

court turns now to a discussion of the authorities that define the ingredients of each of those elements.

1.   The Injury-On-The-Job Element

The evidentiary requirement necessary to satisfy the element that Mr. Jenkins suffered an injury while employed by defendant is self-defining.   There would have to be evidence that something happened while Mr. Jenkins was at work for defendant that caused him to suffer an injury of the kind claimed by plaintiff. Nothing provided by plaintiff in her appendix constitutes evidence raising that issue.   The wording of 45 U.S.C. § 51, supra at 18, provides the direct authority that absent evidence on that subject plaintiff does not have a FELA claim against defendant.

2.   The Negligence Element

As the Supreme Court explained in Norfolk, "the elements of a FELA claim are determined by reference to the common law." Norfolk, 549 U.S. at 166.   The standard of care that determines the existence of negligence is ordinary prudence.   Id. at 169; see also Gallick v. Baltimore & Ohio R.R. Co., 372 U.S. 108, 118 n.6 (1963)(explaining that "negligence is the failure to observe ordinary care, and ordinary care is that degree of care which people of ordinary prudence and sagacity use under the same or similar circumstances").

An essential ingredient of the negligence element is reasonable foreseeability of harm. _Gallick_, 372 U.S. at 117. See also _Armstrong v. Kansas City S. Ry. Co._, 752 F.2d 1110, 1113 (5th Cir. 1985). In _CSX Transportation, Inc. v. McBride_, 564 U.S. 685 (2011), the Supreme Court quoted, and expressed approval of the language in _Gallick_ for that proposition. _Id._ at 703. And, in _CSX Transportation_, the Court confirmed that an inquiry to be directed to a fact finder in a FELA case on the negligence issue is whether the carrier failed to observe that degree of care which people of ordinary prudence and sagacity use under the same or similar circumstances, and that the fact finder may be told that the railroad's duties are measured by what is reasonably foreseeable under the circumstances. _Id._ The Court added that "[i]f a person has no reasonable ground to anticipate that a particular condition . . . would or might result in a mishap and injury, then the party is not required to do anything to correct [the] condition," again quoting _Gallick_. _Id._

The recommended definition of negligence in the Fifth Circuit Pattern Jury Instructions, Civil, appears to be an accurate summation of the controlling court decisions that define the evidence that must be adduced in order to raise a genuine

issue of fact in support of the negligence element of a FELA

claim.  It reads:

> The fact that an accident or injury may have
> happened does not mean that it was caused by anyone's
> negligence.  Defendant [name] is not required to
> guarantee Plaintiff [name]'s safety.  The extent of
> Defendant [name]'s duty is to exercise reasonable care
> under the circumstances to see that the workplace is
> reasonably safe.  Defendant [name]'s duty is measured
> by what is reasonably foreseeable under the
> circumstances.  If Defendant [name] has no reasonable
> ground to anticipate that a particular condition would
> or might result in a mishap and injury, then Defendant
> [name] is not required to do anything to correct that
> condition.

Pattern Jury Instructions, Civil, 5th Cir., 2014 Ed., Instruction

5.1, FELA, at 67.

3.   The Causation Element

While the causation element has been redefined since 1930,

the decision of the Supreme Court in Atchison, Topeka & Santa Fe

Railway Co. v. Toops, 281 U.S. 351 (1930), still has relevance on

the importance of evidence of causation once proof of negligence

has been established.  In Atchison, the court explained:

> [P]roof of negligence alone does not entitle the
> plaintiff to recover under the Federal Employers'
> Liability Act.  The negligence complained of must be
> the cause of the injury.  The jury may not be permitted
> to speculate as to its cause and the case must be
> withdrawn from its consideration unless there is
> evidence from which the inference may reasonably be
> drawn that the injury suffered was caused by the
> negligent act of the employer.

Id. at 354-55.

The current version of the causation element of a FELA claim was defined (or redefined) in CSX Transportation as: a railroad defendant is liable for a worker's injury "if the railroad's negligence played a part--no matter how small--in bringing about the injury." 564 U.S. at 705 (internal brackets omitted). The Fifth Circuit Pattern Jury Instructions, Civil, on the causation issue appear to be an accurate summation of the controlling court decisions on the causation element. It reads:

> If negligence is proved, Plaintiff [name] must show that it was a cause of the injury for which Plaintiff [name] seeks damages. To be a cause of an injury, the negligence must have played a part, no matter how slight, in bringing about or causing that injury. Negligence may be a cause of injury even though it operates in combination with another's act or with some other cause, if the negligence played any part in causing such injury.

Pattern Jury Instructions, Civil, 5th Cir., 2014 Ed., Instruction 5.1, FELA, at 67.

C.  The Exhibits in Plaintiff's Appendix Do Not Raise an Issue of Fact as to Any of the Elements of Plaintiff's Claims

1.  The Deposition Excerpts

Four of plaintiff's appendix exhibits are excerpts from depositions that were taken by an attorney for BNSF Railway Company in an action pending in the United States District Court for the Southern District of Texas, Houston Division, on October 18, 2018, of fellow workers of the plaintiff in that

22

action.  Doc. 60 at 19-31.  Each of the deponents had been identified by the plaintiff, apparently when he gave his deposition in that action, as someone he had worked with while employed by the Railway Company.  Id. at 20 (dep. p. 4); 24 (dep. p. 4); 27 (dep. p. 5); and 30 (dep. p. 4).  None of the deposition excerpts provide any evidence relative to the claims of plaintiff in the instant action.  The deposition excerpts are evidence that the deponents were exposed to diesel exhaust during their work.  But that information is not evidence of what Mr. Jenkins might have been exposed to during his work, the length of that exposure (if there was any), or the effect of any such exposure on Mr. Jenkins.

Nor do the deposition excerpts constitute any evidence that diesel exhaust exposure, even if the court were to assume that Mr. Jenkins suffered such an exposure, was the result of the failure of defendant to observe ordinary prudence or reasonable care.  There is nothing in the deposition excerpts that is evidence that any such exposure, even if the court assumes that it existed as to Mr. Jenkins, was such that defendant should reasonably have foreseen that it would cause the kind of harm that plaintiff claims it caused Mr. Jenkins.

For all of the reasons stated above, the deposition excerpts provide no evidence creating a fact issue as to the negligence element of plaintiff's FELA claim.

Similarly, the deposition excerpts provide no summary judgment evidence raising a causation issue as to plaintiff's claims. Even if the court were to assume, _arguendo_, that Mr. Jenkins was exposed to diesel exhaust during his employment by defendant, and further assumed that such exposure resulted from the failure of defendant to exercise ordinary care, there still would be no evidence that such negligence played any part, no matter how slight, in bringing about or causing the injury of which plaintiff complains.

Finally, nothing in the deposition excerpts provides any summary judgment evidence raising an issue in favor of plaintiff on the injury-on-the-job element.

2.   The Remaining Exhibits

The remaining exhibits (Numbers 1, 2, 7, 8, and 9) are publications of one kind or another that for the most part deal with the question of whether diesel exhaust can, under certain circumstances, be carcinogenic. There is no summary judgment evidence from which the inference can be drawn that any of those items, even if they had been properly authenticated, has relevance to whatever led to the death of Mr. Jenkins. For each

of the reasons given above why the deposition excerpts do not constitute summary judgment evidence establishing any element of plaintiff's claims against defendant, nothing in these remaining exhibits constitutes evidence raising an issue of fact as to any of those elements.

Moreover, none of plaintiff's appendix exhibits raise an issue of fact as to plaintiff's LIA claim.

Put simply, plaintiff has not adduced any summary judgment evidence creating a genuine dispute as to any material fact.

D.   Defendant's Motion for Summary Judgment Is to Be Granted

Rule 56(a) directs that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a)(emphasis added).   The Supreme Court in Celotex and this court in Austin, supra at 15-17, have made clear that a motion for summary judgment of the kind filed by defendant causes plaintiff to have the summary judgment burden to adduce evidence raising issues of fact as to the essential elements of each of plaintiff's claims.   Otherwise, plaintiff's claims will not survive summary judgment.

Plaintiff is incorrect when she contends in her response that the courts invariably have determined that a jury should decide each and every FELA case.   In Huffman v. Union Pacific

25

Railroad, the Fifth Circuit explained, in the course of reversing a jury verdict in favor of the plaintiff in a FELA case and remanding to the district court for entry of judgment for the railroad company, that:

> We hold that the evidence was insufficient on causation. What form the additional necessary evidence should have taken is not before us. Huffman had planned on including expert testimony on causation. We are not reviewing the sufficiency of what Huffman planned to introduce, but what he actually did. It was not enough.

675 F.3d 412, 426 (5th Cir. 2012).

Similarly, in the instant action, the evidence was insufficient on each of the elements of plaintiff's claims. As was true in Huffman, the court here is not reviewing the sufficiency of what plaintiff planned someday to introduce as evidence, but what plaintiff actually did adduce under the guise of summary judgment evidence. It was not enough.

Plaintiff's arguments that the record is insufficient for the court to make a ruling on a motion for summary judgment because no depositions have been taken of coworkers of Mr. Jenkins, his wife, or experts, and that the record "is at best incomplete and at worst bare, discovery should continue and BNSF's motion should be denied." Doc. 59 at 16. The "discovery should continue" suggestion is puzzling, bearing in mind that the court has not received information that plaintiff has conducted

any discovery in this case during its pendency since March 2018, and the record indicates that the only discovery sought to be accomplished by either party were the unsuccessful attempts by defendant to obtain specificity as to plaintiff's claims by a set of written interrogatories and requests for production of documents served by defendant on plaintiff.  Doc. 52 at App. 8-31.  As of the date of the filing defendant's motion for summary judgment, plaintiff had failed to answer or respond to those discovery items.

The court notes that plaintiff has not availed herself of the procedure prescribed by Rule 56(d) of the Federal Rules of Civil Procedure for relief if a party needs additional time within which to gather evidence for response to a motion for summary judgment.  She hardly is in a position now to contend that she needs additional time for that purpose.

Plaintiff fails to acknowledge that this action has been pending since early-March 2018; and that the filing of this action at that time constituted a certification by plaintiff's attorney that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, plaintiff's factual contentions had evidentiary support.  Fed. R. Civ. P. 11(b)(3).  Moreover, plaintiff has known for a long period of time that defendant was seeking

factual specificity concerning plaintiff's claims, but, rather than to provide that specificity, plaintiff appears to have consciously taken steps to avoid doing so. The failure of plaintiff to do so in response to defendant's motion compels, under the controlling authorities, the court to conclude that there is no genuine dispute as to any material fact and that defendant is entitled to judgment as a matter of law.

IV.

Order

Therefore,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted, and that all claims and causes of action asserted by plaintiff against defendant be, and are hereby, dismissed with prejudice.

SIGNED November 27, 2018.

JOHN McBRYDE
United States District Judge